El Juez Asociado Señor Díaz Cruz se inhibió.

---

*In re* FERNANDO H. CRUZ TOLLINCHE, querellado.

Número: MC-82-15     Resuelto: 26 de abril de 1983

*Luis F. Camacho*, abogado de la parte querellante; *Fernando H. Cruz Tollinche*, por derecho propio y por sus abogados *Wilfredo Meléndez Lugo* e *Iván Pagán Hernández; Agustín Mangual Hernández*, Comisionado Especial.

PER CURIAM: Resolvemos la querella promovida por el Colegio de Abogados de Puerto Rico contra el Lic. Fernando H. Cruz Tollinche.

I

Conforme el Informe del Comisionado Especial, Hon. Agustín Mangual Hernández, la Srta. Alicia Cruz Díaz contrató los servicios del entonces notario Cruz Tollinche para que le otorgara una escritura de compraventa e hipoteca en que ella adquiriría un apartamento del Dr. Thomas Nicholson, persona conocida del abogado. Le pagó $135.50 en concepto de honorarios profesionales, incluidos los derechos de inscripción en el Registro de la Propiedad, gestión a la cual se comprometió. Se otorgó el 1ro de octubre de 1976. Aun así, la escritura no fue presentada en el Registro de la Propiedad. Sólo expidió copia certificada al doctor Nicholson y copia simple a la señorita Cruz. Para el año 1979 ella advino en conocimiento de que no se había presentado en el Registro. Como resultado de una venta que se le presentó, en varias ocasiones se comunicó con la oficina del licenciado Cruz Tollinche, con el propósito de obtener copia de la escritura. Fue informada que se había mudado de oficina y que se había perdido la escritura.

Así las cosas, el 22 de enero de 1980 la señorita Cruz envió una comunicación al licenciado Cruz Tollinche en la que resumía toda la transacción y sus gestiones tendentes a obtener copia certificada de la escritura y le pedía que se la suministrara para el 24 de enero. En esa fecha el licenciado

Cruz Tollinche obtuvo copia certificada de la mencionada escritura, expedida por el Archivero General de Protocolos. Desde el 29 de diciembre de 1976 había sido suspendido del ejercicio de la Notaría por este Tribunal. *In re Cruz Tollinche*, 105 D.P.R. 500 (1976).

Si bien el licenciado Cruz Tollinche declaró que no se comprometió a presentar la escritura en el Registro de la Propiedad, la evidencia documental tiende a sostener que recibió sus honorarios con ese propósito. Su gestión ante el Archivero General en el año 1980 —al ser enterado por la señorita Cruz de que no se había inscrito— respondió a un deseo de subsanar, aunque tardíamente, su falta. Igual propósito medió en una oferta que hizo de pagarle $600 en tres plazos y resarcir "cualquier daño o perjuicio sufrido".

Debido a que la escritura otorgada no fue inscrita, la señorita Cruz no pudo vender la propiedad a la persona interesada y optó por cederle el apartamento a su dueño original, el doctor Nicholson.

II

El abogado en el desempeño de su gestión notarial está obligado a cumplir con lo dispuesto en la ley, en los Cánones de Ética o en el contrato con las partes. La inobservancia de esos deberes lo expone no sólo a una acción en daños por los perjuicios causados, sino a la jurisdicción correctiva y disciplinaria por parte de este foro judicial. *In re Laboy*, 113 D.P.R. 476 (1982); *In re Olmo Olmo*, 113 D.P.R. 441 (1982). En el caso de autos, la prueba demuestra que el licenciado Cruz Tollinche incumplió con el compromiso de presentar al Registro de la Propiedad la escritura otorgada el 1 de octubre de 1976. Ello representa una falta que de ordinario podría conllevar, como sanción disciplinaria, la suspensión provisional del notariado. Observamos, sin embargo, que el 29 de diciembre (aproximadamente dos meses después) fue precisamente suspendido como notario. Abona a su favor el intento de subsanar su error, al obtener

copia certificada de la escritura del Archivero General y comprometerse a compensar a la perjudicada señorita Cruz.

En estas circunstancias procede que decretemos que la suspensión previa del ejercicio notarial del licenciado Cruz Tollinche es permanente y definitiva, y que reprobemos y censuremos, de la manera más enérgica, su proceder. Nada de lo dispuesto menoscaba el derecho de la señorita Cruz a reclamar judicialmente por aquellos daños que hubiese experimentado con motivo de la conducta que motiva este procedimiento.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Irizarry Yunqué no intervino.