*In re* BRINGAS RECHANI.

*Número:* 6671          *Resuelto:* 26 de febrero de 1991

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías,* en informe; *Renato Bringas Rechani, pro se.*

PER CURIAM: El Lcdo. Renato Bringas Rechani fue admitido a la profesión de abogado el 13 de mayo de 1980 y a la notaría el 28 de mayo del mismo año.

El 12 de noviembre de 1987 el Director de la Oficina de Inspección de Notarías (Director) nos informó que desde el 7 de diciembre de 1986 el licenciado Bringas Rechani no rendía índices notariales; que no sometió el informe estadístico anual; que no puso su obra notarial a disposición de la Oficina de Inspección de Notarías, y que había hecho caso omiso a sus comunicaciones, desconociéndose además su paradero.

El 25 de noviembre le ordenamos al Lcdo. Renato Bringas Rechani que mostrara causa por la cual no debía ser separado del ejercicio de la abogacía y la notaría a la luz de las controversias de dicho informe.

En su comparecencia, el licenciado Bringas Rechani confirma que se mudó fuera de Puerto Rico sin notificarlo a la Oficina de Inspección de Notarías y que no puede refutar el contenido del informe del Director de dicha oficina antes mencionado. Indicó, también, las medidas que estaba tomando para corregir las fallas señaladas: inclusive había solicitado a sus padres que removieran los índices notariales contenidos en su obra notarial y los entregaran al Director. Aceptó, además, que los pasos tomados no subsanan las faltas que se le imputan y que no debe continuar ejerciendo la notaría, por lo cual no se opone a que se le separe de la misma o, como alternativa, se le permita renunciar a ella.

En vista de que el notario no puso a disposición del Director de la Oficina de Inspección de Notarías su obra notarial, ordenamos la incautación de la misma el 21 de abril de 1988.

El pasado 11 de abril de 1990 el Director de la Oficina de Inspección de Notarías nos informó que el padre del licenciado Bringas Rechani entregó ocho (8) escrituras que autorizó en 1982; una (1) que autorizó en 1983; siete (7) que autorizó en 1984 y tres (3) que autorizó en 1985. Indicó, además, que *todavía no se le ha entregado el registro de afidávit* y que, examinados los protocolos pendientes de inspección, se encontraron deficiencias tales como falta del sello del notario en la nota de apertura, falta de la nota

de cierre, falta de la nota de saca y falta de la firma y del sello en la nota de apertura.

## I

■ La notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional. *In re Alvarado Tizol*, 122 D.P.R. 587 (1988); *In re Rodríguez Mena*, 126 D.P.R. 205 (1990).

■ Los notarios están obligados a cumplir estrictamente con lo dispuesto en la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2001 *et seq., en los cánones del Código de Ética Profesional*, 4 L.P.R.A. Ap. IX, y en el contrato entre las partes. La inobservancia de tal obligación los expone a la acción disciplinaria correspondiente. *In re Raya*, 117 D.P.R. 797, 804 (1986); *In re Cruz Tollinche*, 114 D.P.R. 205 (1983); *In re Rodríguez Mena*, supra.

## II

■ El licenciado Bringas Rechani ha incumplido reiteradamente tanto con las exigencias de la Ley Notarial de Puerto Rico así como con los propios requerimientos del Director de la Oficina de Inspección de Notarías. Al presente no ha entregado su registro de afidávit.

Además, el licenciado Bringas Rechani ha hecho caso omiso a los requerimientos de este Tribunal, aun cuando había sido advertido de que podía ser sancionado como notario y abogado.

Por todo lo anterior, *se separa indefinidamente del ejercicio de la notaría al Lcdo. Renato Bringas Rechani. Se le ordena que entregue al Director de la Oficina de Inspección de Notarías su registro de afidávit y que corrija su obra notarial. Además, se le separa provisionalmente del ejercicio de la profesión de abogado hasta que acredite a este Tribunal que ha corregido las deficiencias notariales.*

*Se dictará sentencia de conformidad.*