*In re* MIGUEL A. SANTIAGO ARROYO.

*Número:* 6118          *Resuelto:* 17 de noviembre de 1994

*Govén D. Martínez Surís*, Director de la Oficina de Inspección de Notarías.

PER CURIAM: Una vez más ejercemos nuestra jurisdicción disciplinaria por razón del incumplimiento craso, por parte de un notario, con los requerimientos del Inspector de Notarías y con las órdenes emitidas por este Tribunal.

I

El 12 de mayo de 1994, el Director de la Oficina de Inspección de Notarías (en adelante el Director) nos informó que el Lcdo. Miguel A. Santiago Arroyo tenía varias deficiencias notariales sin subsanar y que no había contestado varios requerimientos de la Oficina de Inspección de Notarías, que le instaban a corregir las deficiencias aludidas.

Según el Director, el 28 de enero de 1993 la Oficina de Inspección de Notarías le informó al licenciado Santiago Arroyo que: (1) tenía varios Protocolos sin encuadernar, y (2) faltaban Sellos de Rentas Internas y notariales por cancelar por un total de $120. Le requirió entonces que corrigiese las deficiencias notificadas "dentro del más breve plazo". El 21 de septiembre de ese mismo año, el Director volvió a comunicarse con Santiago Arroyo para requirir de nuevo que corrigiese las deficiencias que se le habían notificado el 28 de enero. El 7 de diciembre de 1993, por tercera vez, el Director le exigió a Santiago Arroyo el cumplimiento de sus deberes notariales.

En su comunicación de 12 de mayo de 1994, el Director, además de informarnos sobre lo antes relatado, nos indicó que el licenciado Santiago Arroyo también tenía pendientes sus índices notariales desde octubre de 1993 hasta el presente.

Vista la comunicación aludida del Director, el 4 de junio de 1994, mediante resolución le concedimos un término de sesenta días al licenciado Santiago Arroyo para atender los requerimientos del Director. Le apercibimos, además, que el dejar de cumplir con nuestra resolución conllevaría las sanciones correspondientes. Transcurridos casi cuatro meses desde que se notificó nuestra Resolución de 3 de junio, nos informa la Oficina de Inspección de Notarías que el licenciado Santiago Arroyo no ha corregido las deficiencias notariales en cuestión ni ha contestado nuestra resolución.

## II

No es esta la primera vez que el licenciado Santiago Arroyo incumple con sus obligaciones profesionales. En julio de 1990 el Colegio de Abogados de Puerto Rico nos presentó una querella para indicar que Santiago Arroyo no había pagado la prima de su fianza notarial. En octubre de 1991 se repitió la misma querella contra Santiago Arroyo. Más grave aún, el 14 de diciembre de 1992 suspendimos al licenciado Santiago Arroyo del ejercicio de la notaría por tres meses por su incumplimiento durante el 1991 y el 1992 con la obligación de rendir los índices notariales, y por haber hecho caso omiso a los diversos requerimientos sobre el particular de la Oficina de Inspección de Notarías.

■ La conducta del licenciado Santiago Arroyo revela un patrón de incumplimiento serio con sus deberes como notario. Su comportamiento delata su incapacidad para el ejercicio del notariado. Así lo ha demostrado, tanto su conducta pasada como su actual falta de diligencia y desinterés en subsanar los varios defectos identificados en su Protocolo, y su negligencia en rendir los índices notariales pendientes. Toda esta conducta está claramente reñida y es incompatible con el ejercicio del ministerio notarial. " 'Los notarios están obligados a cumplir estrictamente con lo dispuesto en la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2001 *et seq.*, en los cánones del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y en el contrato entre las partes. La inobservancia de tal obligación los expone a la acción disciplinaria correspondiente.' *In re Raya*, 117 D.P.R. 797, 804 (1986); *In re Cruz Tollinche*, 114 D.P.R. 205 (1983); *In re Rodríguez Mena*, [126 D.P.R. 205 (1990)]." (Énfasis suprimido.) *In re Bringas Rechani*, 128 D.P.R. 132, 134 (1991).

■ A lo anterior hay que añadirle ahora un incumplimiento con las órdenes de este Tribunal. La naturaleza de

la función de un abogado exige una estricta observancia de las resoluciones de este Tribunal, en especial en la jurisdicción disciplinaria. *In re Pagán Ayala*, 115 D.P.R. 814 (1984); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991).

En estas circunstancias y por las razones expuestas, *procede la separación provisional e inmediata del Lcdo. Miguel A. Santiago Arroyo del ejercicio de la profesión de la abogacía hasta tanto cumpla con nuestra Resolución de 3 de junio de 1994 y corrija las deficiencias encontradas en su obra notarial. También se le separa por tiempo indefinido del ejercicio del notariado.*

*Se dictará la sentencia correspondiente.*

La Juez Asociada Señora Naveira de Rodón no intervino.