*In re* ROSSANA MIRANDA MORALES, **querellada.**

*Número:* 10,226          *Resuelto:* 5 de mayo de 1997

*Carmen R. Cintrón Ferrer, Directora Ejecutiva del Colegio de Abogados de Puerto Rico; Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías.*

PER CURIAM: Mediante una Resolución emitida el 10 de febrero de 1997, le concedimos un término de veinte (20) días a la Lcda. Rossana Miranda Morales para que mostrara causa por la cual no debía ser suspendida de la abogacía, por no haber satisfecho el pago de la cuota de colegiación al Colegio de Abogados de Puerto Rico. En la resolución, la abogada fue apercibida de que su incumplimiento con la orden de este Tribunal conllevaría su suspensión automática del ejercicio de la abogacía. El 15 de abril de 1997, luego de haber expirado el término, la abogada efectuó el pago de la cuota adeudada. Sin embargo, no compareció ante nos para responder a nuestro requerimiento.

Por otra parte, el 7 de marzo de 1997 emitimos otra resolución en la cual acogimos un informe presentado por la Directora de la Oficina de Inspección de Notarías, en el cual se señalaba que la notaria no había sometido los índices notariales correspondientes a enero, febrero, mayo, agosto, septiembre, octubre, noviembre y diciembre de 1996, ni el informe estadístico anual de su obra notarial correspondiente a 1995. Además, se indicó que se había negado a expedir, a una parte con legítimo interés, una copia certificada de un testamento abierto autorizado ante ella. Respecto a este último incidente, la parte con interés recurrió al procedimiento dispuesto en el Art. 44 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2066.

En nuestra resolución le concedimos un término de veinte (20) días para que mostrara causa por la cual este Tribunal no debería ordenar su suspensión del ejercicio de la notaría y la apercibimos de que el incumplimiento con ese término conllevaría su suspensión inmediata. A su vez, le concedimos diez (10) días para que rindiera los índices

notariales señalados, sometiera el informe estadístico anual de 1995 y expidiera la copia certificada del instrumento público aludido.

La notaria no ha comparecido, desatendiendo de esta manera, una vez más, nuestras órdenes. Del informe de seguimiento sometido por la Directora de la Oficina de Inspección de Notarías el 16 de abril de 1997, se desprende que Miranda Morales no compareció ante dicha oficina ni remitió los índices notariales y el informe estadístico. De hecho, no ha sometido los índices notariales correspondientes a enero y marzo de 1997. Además, aún no ha cumplido con su deber de expedir una copia certificada a una parte con un legítimo interés, según le requiriéramos en nuestra Resolución de 7 de marzo de 1997. En dicho Informe de Seguimiento la Directora aludida nos indica que recibió una comunicación dirigida al Hon. Juez Presidente del Tribunal Supremo en la cual se denuncia la negativa de la notaria a entregar una copia certificada de otra escritura de cancelación de pagaré a una parte con legítimo interés.

Así las cosas, el 31 de marzo de 1997, y a petición del Colegio de Abogados de Puerto Rico, emitimos otra resolución en la cual concedimos un término de veinte (20) días a Miranda Morales para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría por tener al descubierto el pago de la fianza notarial, la cual venció en julio de 1996. De nuevo le apercibimos de que el incumplimiento con los términos de la resolución conllevaría su suspensión automática del ejercicio de la notaría. Aunque ella fue oportunamente notificada, no fue hasta el 24 de abril de 1997 cuando la notaria pagó su fianza notarial. Sin embargo, por tercera ocasión, desatendió nuestro requerimiento y no compareció ante nos.

■ Del recuento anterior se desprende que Miranda Morales ha incumplido reiteradamente con nuestras resoluciones y ha hecho caso omiso tanto a nuestros requerimientos como a los de la Directora de la Oficina de Inspec-

ción de Notarías. Si bien satisfizo el pago de la cuota del Colegio de Abogados de Puerto Rico y la fianza notarial, lo hizo tardíamente y sin comparecer ante esta Curia. De igual modo, ignoró nuestras Resoluciones de 7 y 31 de marzo de 1997. Su incomparecencia e indiferencia a responder las órdenes de este Tribunal, conlleva la imposición de sanciones disciplinarias inmediatas. *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

■ En cuanto a las violaciones a la Ley Notarial de Puerto Rico, cabe señalar que aún la notaria no ha rendido los índices notariales antes indicados ni el informe estadístico de 1995. Su conducta refleja una total desobediencia a la obligación ineludible del notario de dar un estricto cumplimiento al deber ministerial de rendir los índices notariales mensuales. El notario que incumple con este deber incurre en conducta ilegal que acarrea la imposición de sanciones disciplinarias. *In re Garay Texidor*, 142 D.P.R. 220 (1997); *In re Santiago Arroyo*, 132 D.P.R. 239 (1992); *In re Alvarado Tizol*, 122 D.P.R. 587 (1988); *In re Hernández Ramírez*, 120 D.P.R. 366 (1988). A su vez, el notario tiene el deber ministerial de rendir un Informe Estadístico Anual a tenor de lo dispuesto en la Regla 13 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, y la Regla 13(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A. El incumplimiento con dicho deber conlleva la imposición de sanciones disciplinarias. *In re Bringas Rechani*, 128 D.P.R. 132 (1991); *In re Rigau, Jr.*, 118 D.P.R. 89 (1986).

■ Por otra parte, resulta alarmante la negativa de la notaria a expedir copias certificadas a una parte con legítimo interés. Existe un deber notarial de expedir copias certificadas a las personas enumeradas en el Art. 43 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2065, y la Regla 47 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A.

Ap. XXIV. La desatención caprichosa y arbitraria de estas normas dificulta la función que desempeñan las copias certificadas en un sistema notarial como el nuestro, en donde los originales son incorporados al Protocolo del notario y es a través de dichas copias certificadas que puede hacerse valer su eficacia y valor probatorio.

■ A tal efecto, el Reglamento Notarial de Puerto Rico, al definir la naturaleza de los instrumentos públicos en su Regla 19 (4 L.P.R.A. Ap. XXIV) dispone, en lo perfinente: "Son instrumentos públicos las escrituras públicas y las actas, bien sean en original *o en copia certificada.*" (Énfasis suplido.) El incumplimiento con el deber ministerial de expedir copias certificadas a partes con un legítimo interés, expone al notario a ser sancionado disciplinariamente.

Tomando en consideración la conducta desplegada por Rossana Miranda Morales, *se decreta su suspensión indefinida del ejercicio de la abogacía y del notariado en esta jurisdicción. Se ordena al Alguacil General que —con carácter prioritario— se incaute de la obra notarial de la abogada. Una vez incautada, la Directora de la Oficina de Inspección de Notarías procederá a expedir a la parte con legítimo interés la copia certificada del testamento abierto antes aludido.*

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López no intervinieron.