En el Tribunal Supremo de Puerto Rico

| In Re: | Querella |
|---|---|
| Edgardo L. Rivera Rivera | 98TSPR137 |

Número del Caso: 9030

Abogado Parte Querellante:     Lcda. Carmen H. Carlos
                               Directora de Inspección
                               de Notaría

Abogado Parte Querellada:     Por Derecho Propio

Fecha: 10/16/1998

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Edgardo L. Rivera Rivera

9030

PER CURIAM
(Enmendada Nunc Pro Tunc)

San Juan, Puerto Rico a 16 de octubre de 1998

Se enmienda, nunc pro tunc, la Opinión Per Curiam del 30 de junio de 1998, para que lea del siguiente modo:

El 7 de noviembre de 1997, la Directora de la Oficina de Inspección de Notarías, nos remitió un informe sobre el estado de la notaría del licenciado Edgardo Luis Rivera

Rivera[1].  El 5 de diciembre siguiente, luego de examinar el referido informe, emitimos una resolución mediante la cual le concedimos al licenciado Rivera Rivera un término para que subsanara las deficiencias señaladas y, además, mostrara causa

---

[1] Colegiado Número 10,264.  Singularmente, existen otros dos abogados en Puerto Rico con el mismo nombre.

por la cual no debíamos suspenderlo del ejercicio de la notaría. Con el beneficio de la comparecencia del licenciado Rivera Rivera procedemos a resolver según lo intimado.

I

Desde su admisión al ejercicio de la notaría en 1989, el licenciado Rivera Rivera ha demostrado una reiterada y constante desatención a los deberes ministeriales de presentación de índices notariales en tiempo, presentación de notificaciones de poderes y testamentos dentro de los términos dispuestos por ley y entorpecimiento de la labor de inspección que realiza la Oficina de Inspección de Notarías.

El 1ro. de julio de 1992 el Director de dicha Oficina nos informó, entre otras deficiencias, que el licenciado Rivera Rivera mantenía sin encuadernar los protocolos correspondientes a los años 1990, 1991 y 1992 y que había omitido adherir y cancelar los correspondientes sellos de rentas internas en varias escrituras. En esa ocasión limitamos nuestra sanción a una amonestación, en vista de que las deficiencias señaladas fueron debidamente corregidas.

Mediante nuestra resolución del 29 de septiembre de 1994, le impusimos al licenciado Rivera Rivera una sanción de $100.00 por haber notificado tardíamente el otorgamiento de cierta escritura de testamento abierto.

En 1995 y 1997, el Colegio de Abogados tuvo que solicitarnos la cancelación de la fianza notarial del licenciado Rivera Rivera por falta de pago. En ambas ocasiones fuimos laxos con él y, ante su cumplimiento posterior, nos limitamos a apercibirle de que el incumplimiento futuro de su obligación conllevaría la suspensión automática del ejercicio de la notaría.

II

La Directora de la Oficina de Inspección de Notarías nos informa en su comunicación del 7 de noviembre de 1997, lo siguiente:

En vista de la naturaleza de las deficiencias halladas en los protocolos de los años 1993, 1994, 1995 y 1996 y atendidas las condiciones en que el Inspector halló el registro de declaraciones juradas, estimo prudente llamar la atención a esta Superioridad para que el notario a la brevedad posible proceda a corregir estas serias deficiencias. (Véase informe de inspección de fecha 9 de julio de 1997) ...

1. Destaca en primer lugar, las gestiones previas desplegadas por esta oficina mediante comunicación directa de la suscribiente al notario de fecha 15 de abril de 1997 (Anejo 3) para que éste facilitara al Inspector el acceso a sus protocolos. Antes del 9 de julio de 1997 no le fue posible al Inspector, a pesar de las debidas notificaciones, lograr su objetivo. En su informe de fecha 1ro. de abril de 1997 (...) describe que encontraba siempre la oficina cerrada.

En nuestra comunicación del 15 de abril al notario (...), se le informó además que había desatendido el procedimiento incoado al amparo del Artículo 44 y la Regla 47d del Reglamento Notarial

de Puerto Rico, procedimiento éste que motivó la expedición de la Resolución de fecha 16 abril de 1997 (...) sobre la Escritura Núm. 8 del 23 de mayo de 1994 autorizada por el notario. Este procedimiento se inició allá para el 3 de enero de 1997, habiendo la parte solicitante demostrado su legítimo interés en obtener copia certificada de la aludida escritura.

En respuesta a la comunicación aludida recibida vía facsímil, con fecha 12 de mayo de 1997 (...), la contestación del notario con respecto a su posición para facilitar la inspección, sugiriendo distintas fechas, asegurando que expedía la copia certificada de la escritura mencionada y que hacía envío de los índices notariales correspondientes a los meses de marzo, mayo y diciembre de 1996. Nunca se recibió en nuestra oficina el original de esta comunicación.

Como se desprende del informe del Inspector de Protocolos, Lcdo. Gerónimo Lluberas Kells, para el 9 de julio de 1997, a pesar de haber indagado con anticipación para asegurarse que el notario estuviera listo para inspección, el resultado de la inspección denotó una total indiferencia por parte del notario con respecto al estado de sus protocolos y del registro de testimonios.

Aparte de las deficiencias de sellos notariales en los instrumentos públicos de los protocolos concernidos, suma que monta a $407.00 de rentas internas, $4.00 impuesto notarial y $4,864.00 en sellos de Asistencia Legal, se observa que las Escrituras Núm. 1 y Núm. 3 del Protocolo del año 1994, sobre Testamento Abierto, tuvieron que ser revocadas mediante la Núm. 6 y la Núm. 7 en vista de que el notario originalmente utilizó en ambas sólo dos testigos, en contravención a lo dispuesto en el Artículo 644 del Código Civil.

Por otra parte, preocupa altamente el hecho de que examinados los índices mensuales presentados para el corriente año, surge que desde el asiento 1,889 de fecha 23 de marzo de 1995 hasta el número 3,561, según el índice de 30 de mayo de 1997, ninguna de estas declaraciones han sido entradas al

Registro de Testimonios y tampoco, obviamente, ha cancelado los sellos de Asistencia Legal.

2. Con respecto a la expedición de la copia certificada, corroboré con el representante legal de la parte solicitante, Lcdo. Arturo Luciano Delgado, si en efecto había recibido la copia certificada tal y como alega el notario en su comunicación de fecha 12 de mayo de 1997 (...) y en atención a nuestro requerimiento nos envió carta de fecha 31 de octubre de 1997 (...) asegurándonos que ni él ni su cliente han recibido la copia certificada a pesar de haber mediando la correspondiente Resolución de esta Oficina.

Tampoco ha presentado los índices notariales correspondientes a los meses de marzo, mayo y diciembre de 1996.

III

Respecto a la cancelación de sellos en las escrituras, el artículo 10 de la Ley Notarial de 1987 establece que "[s]erá deber de todo notario adherir y cancelar en cada escritura original que otorgare y en las copias certificadas que de ella e expidieren los correspondientes sellos de Rentas Internas y un sello que el Colegio de Abogados de Puerto Rico adoptará y expedirá por valor de un dólar ...". 4 L.P.R.A. sec. 2021 (1994). Según hemos resuelto anteriormente, el incumplimiento de este deber conlleva la suspensión del ejercicio de la profesión. Véanse, e.g., In re: Casasnovas Luiggi, op. de 10 de enero de 1997, 97 J.T.S. 10; In re: Colón Muñoz, op. de 30 de junio de 1992, 92 J.T.S. 98, en las págs. 9766-67; In re: Flores Torres, 125 D.P.R. 159 (1990).

El artículo 59 de la Ley Notarial de 1987 le ordena al notario llevar "un Registro de Testimonios en notas concisas fechadas, numeradas, selladas y suscritas por ellos haciendo constar el nombre de los otorgantes y una relación sucinta del acto autenticado". 4 L.P.R.A. sec. 2094 (1994). La Regla 72 del Reglamento Notarial de 1995, por su parte, le ordena al notario cancelar "en el Registro de Testimonios la estampilla de la Sociedad para Asistencia Legal con relación a cada testimonio autorizado, excepto aquellos casos exentos por ley". 4 L.P.R.A. ap. XXIV, R.72 (Supl. 1997). Las omisiones incurridas por el licenciado Rivera Rivera violan abiertamente estas disposiciones.

La Directora de la Oficina de Inspección de Notarías nos informa, además, que el licenciado Rivera Rivera ha desatendido varios requerimientos para que expida una copia certificada de la escritura número 8 autorizada ante él el 23 de mayo de 1994. El último requerimiento a estos efectos lo hizo la Directora mediante resolución emitida el 16 de abril de 1997, en virtud de lo dispuesto en el artículo 44 de la Ley Notarial de 1987, 4 L.P.R.A. sec. 2066 (1994). Según resolvimos en In re: Miranda Morales, op. de 5 de mayo de 1997, 97 J.T.S. 67, en la pág. 1000, "[e]l incumplimiento con el deber ministerial de expedir copias certificadas a partes con legítimo interés, expone al notario a ser sancionado

disciplinariamente". En su comparecencia, el licenciado Rivera Rivera asevera que expidió la copia en cuestión el 12 de mayo de 1997. No obstante, la Directora ha incluido en su informe una carta fechada el 31 de octubre de 1997, en la cual la parte con legítimo interés, el Lcdo. Arturo Luciano Delgado, en representación de la señora María M. Sáez Rivera, informa que, para la fecha indicada, ni él ni su cliente habían recibido la copia solicitada.

IV

En su comparecencia, el licenciado Rivera Rivera asevera que ha corregido todas las deficiencias señaladas. El haber subsanado estos defectos, aunque constituye un atenuante, no nos persuade a dejar de imponer la sanción disciplinaria correspondiente. Véanse, In re: Colón Muñoz, supra, en la pág. 9767; In re: Flores Torres, supra, en la pág. 163.

Consecuentemente, por todo lo anterior, procede que decretemos la suspensión indefinida de la práctica de la notaría en Puerto Rico del Lcdo. Edgardo L. Rivera Rivera. Se le ordena al Alguacil de este Tribunal que se incaute inmediatamente de la obra notarial del licenciado Rivera Rivera, y se la entregue a la Directora de la Oficina de Inspección de Notarías para el correspondiente examen e informe al Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Edgardo L. Rivera Rivera

9030

SENTENCIA
(Enmendada Nunc Pro Tunc)

San Juan, Puerto Rico a 16 de octubre de 1998

Se enmienda, nunc pro tunc, la sentencia del 30 de junio de 1998, para que lea del siguiente modo:

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se decreta la suspensión indefinida de la práctica de la notaría en Puerto Rico del Lcdo. Edgardo L. Rivera Rivera[2].

---

[2] Colegiado Número 10,264. Singularmente, existen otros dos abogados en Puerto Rico con el mismo nombre.

Se le ordena al Alguacil del Tribunal Supremo que se incaute inmediatamente de la obra notarial del licenciado Rivera Rivera y la entregue a la Directora de la Oficina de Inspección de Notarías para el correspondiente examen e informe al Tribunal

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo