*In re* HUMBERTO J. RAMÍREZ FERRER.

*Número:* CP-96-4          *Resuelto:* 10 de septiembre de 1999

*Elí B. Arroyo Santiago*, Presidente de la Comisión de Ética del Colegio de Abogados de Puerto Rico, y *José A. Crescioni Benítez*, Oficial Investigador de la Comisión de Ética del Colegio de Abogados de Puerto Rico, abogados del querellante.

SALA ESPECIAL DE VERANO integrada por su Presidente el Juez Asociado Señor Negrón García, la Jueza Asociada Señora Naveira de Rodón y el Juez Asociado Señor Corrada Del Río.

## RESOLUCIÓN

Vista la Solicitud de Reinstalación presentada por el querellado Humberto J. Ramírez Ferrer, a la luz de nuestra Opinión *per curiam* de 1ro de marzo de 1999 y la Resolución de 18 de junio de 1999, se autoriza su reinstalación al ejercicio de la abogacía.

Con vista al informe de la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos, de 2 de septiembre de 1999, y sus anejos, expositivo de las múltiples deficiencias que existían en los Protocolos 1994, 1995, 1996, 1997 y 1998, en particular la omisión de no haberse adherido durante todos esos años sellos de rentas internas e impuesto notarial ascendentes a ocho mil trescientos treinta y cuatro dólares ($8,334) —e independientemente del interés y la diligencia desplegada por el licenciado Ramírez Ferrer para subsanarlos— por la seriedad y grave-

dad que revisten acumulativamente esas deficiencias, *se deniega su reinstalación a la notaría.*(1)

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

(1) *In re Rivera Rivera,* 146 D.P.R. 1 (1998); *In re Casiano Silva,* 145 D.P.R. 343 (1998); *In re Nieves Ortiz,* 144 D.P.R. 918 (1998); *In re Madera Acosta,* 144 D.P.R. 743 (1998); *In re Casasnovas Luiggi,* 142 D.P.R. 218 (1997); *In re Colón Muñoz,* 131 D.P.R. 121 (1992); *In re Merino Quiñones,* 115 D.P.R. 812 (1984).