EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                          | Queja         |
|                                 |               |
| Carmen I. Chiques Velázquez     | 2004 TSPR 28  |
|                                 |               |
|                                 | 161 DPR _____ |

Número del Caso: AB-2003-83

Fecha: 25 de febrero de 2004

Oficina del Procuradora General:

Lcda. Noemí Rivera de León
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Lcdo. Luis F. Camacho

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carmen I. Chiques Velázquez

AB-2003-83

PER CURIAM

San Juan, Puerto Rico, a 25 de febrero de 2004

La señora Janice Reverón Torres radicó ante este Tribunal una queja jurada contra la Lcda. Carmen I. Chiques Velázquez en la cual le imputó conducta alegadamente violatoria de los Cánones 18, 27, 28 y 30 de los de Ética Profesional. 4 L.P.R.A. Ap. IX, C. 18, 27, 28 y 30. Referimos el asunto a la Oficina del Procurador de Puerto Rico para que realizara la correspondiente investigación e informara a este Foro.

El Procurador General ha rendido su informe. En el mismo concluye que la abogada Chiques Velázquez efectivamente incurrió en conducta violatoria de las disposiciones de los Cánones 28 y 38 de Ética Profesional, ante. Le concedimos

término a la abogada para que se expresara sobre el referido Informe.

En su comparecencia, la abogada Chiques Velázquez: acepta unos hechos; aclara y/o niega otros; sostiene que su conducta realmente se debió a un error de juicio; que actuó de buena fe; señala que ninguna parte ha resultado perjudicada por sus actos y que en su actuación no hubo ánimo de lucro personal; resalta su historial profesional carente de faltas o señalamientos anteriores; y somete el asunto para su resolución final. Resolvemos.

I

Conforme los hechos establecidos e incontrovertidos, la abogada notario Chiques Velázquez representó al Sr. Gerardo Pérez Rivera en un pleito de divorcio que se dilucidó entre éste y la querellante, Sra. Janice Reverón Torres. Concluido el pleito de divorcio, y pendiente uno de liquidación de bienes gananciales, la Lcda. Chiques Velázquez otorgó una escritura pública mediante la cual los ex-esposos antes mencionados vendieron una propiedad inmueble ganancial --que, naturalmente, formaba parte del pleito de liquidación-- a unas terceras personas. La abogada querellada no obstante conocer, a esa fecha, que la querellante Reverón Torres contaba con representación legal, no se comunicó en forma alguna con el abogado de la mencionada querellante.

II

Como es sabido, el Canon 28 de Ética Profesional, ante, establece, en lo pertinente, que el "abogado no debe, en forma alguna, comunicarse, negociar, ni transigir con una parte representada por otro abogado en ausencia de éste ..." En *In re Martínez Llorens*, res. el 13 de febrero de 2003, 2003 TSPR 14, este Tribunal fue enfático al señalar que:

> Una lectura del referido Canon claramente demuestra que éste proscribe, entre otras cosas, toda comunicación entre un abogado y una parte adversa que ostenta representación legal. El propósito del Canon 28 es evitar que los abogados de una parte hagan acercamientos inapropiados y antiéticos a personas debidamente representadas para obtener ventaja. También tiene por finalidad prevenir que los abogados induzcan a error a personas que carecen de representación legal. De esa manera se salvaguarda tanto el derecho de los litigantes a obtener representación legal adecuada como el privilegio abogado-cliente. *In re Andréu Rivera*, res. el 20 de diciembre de 1999, 99 TSPR 188.

Por otro lado, y en cuanto a la alegación de la abogada querellada en torno a que actuó de buena fe, en *In re Soto Cardona*, 143 D.P.R. 50 (1997), indicamos que "la prohibición contenida en el Canon 28 aplica independientemente del nivel de educación de las partes y la intención del abogado que intenta el contacto con la parte". (énfasis suplido).

En vista de lo anteriormente señalado, es obvio que la conclusión del Procurador General, a los efectos de que la

Lcda. Chiques Velázquez infringió el Canon 28, es una correcta en derecho.

III

La Regla 5 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, R. 5, establece que:

> La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.
>
> El notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado por él.
>
> El notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo.

Es un hecho incontrovertido que la Lcda. Chiques Velázquez, siendo la representante legal del Sr. Pérez Rivera en el pleito de división de gananciales, autorizó como notario una escritura de compraventa de un bien inmueble perteneciente a la extinta sociedad de gananciales del Sr. Pérez Rivera. Reiteradamente hemos sostenido que es impropio que un abogado combine funciones de notario y abogado en relación con un mismo asunto. *In re* Carreras Rovira y Suárez Zayas, 115 D.P.R. 778 (1984); Pagán v. Rivera Burgos, 113 D.P.R. 750 (1983); *In re* Cruz Tolinche, 114 D.P.R. 205 (1983).

Por otro lado, es de notar que el Canon 38 de Ética Profesional, ante, establece, en lo pertinente, que:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.

No debe haber duda, en consecuencia, que la Lcda. Chiques Velázquez, al impropiamente otorgar la escritura de compraventa en controversia, violentó no sólo las disposiciones de la Regla 5 del Reglamento Notarial, ante, y nuestras decisiones al respecto sino, además, las disposiciones del Canon 38 de Ética Profesional, ante.

IV

No obstante lo anteriormente expresado, somos del criterio que la sanción disciplinaria a imponerse en el presente caso debe ser la de censurar a la Lcda. Chiques Velázquez. Se trata de una primera falta, cometida por un miembro de la profesión con un récord limpio y que goza de buena reputación en la comunidad donde labora. Véase: *In re Soto Cardona*, ante; *In re Vera Vélez*, 148 D.P.R. 1 (1999).

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carmen I. Chiques Velázquez

AB-2003-83

SENTENCIA

San Juan, Puerto Rico, a 25 de febrero de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia censurando a la Lcda. Chiques Velázquez, ya que se trata de una primera falta, cometida por un miembro de la profesión con un récord limpio y que goza de buena reputación en la comunidad donde labora. Véase: *In re* Soto Cardona, ante; *In re* Vera Vélez, 148 D.P.R. 1 (1999).

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo