EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Nelson Vélez Lugo | 2005 TSPR 70 163 DPR \_\_\_\_ |

Número del Caso: AB-1999-62

Fecha: 11 de mayo de 2005

Abogado del Peticionario

     Por Derecho Propio

Oficina del Procurador General

     Lcda. Carmen A. Riera Cintrón
     Procuradora General Auxiliar

     Lcda. Cynthia Iglesias Quiñones
     Procuradora General Auxiliar

     Lcda. Rosana Márquez Valencia
     Procuradora General Auxiliar

     Lcda. Minnie H. Rodríguez López
     Procuradora General Auxiliar

     Lcda. Sylvia Roger-Stefani
     Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelson Vélez Lugo

AB-1999-62    Conducta
             Profesional

PER CURIAM

San Juan, Puerto Rico, a 11 de mayo de 2005.

El 5 de junio de 1998 el Lcdo. Nelson Vélez Lugo fungió como notario en el otorgamiento de una escritura de hipoteca en garantía de pagaré. Los otorgantes fueron el Sr. Rafael Pérez Román y su esposa. También juramentó el correspondiente pagaré al portador, que garantizaba la suma de $90,000.00. Más adelante, el licenciado Vélez Lugo obtuvo ese mismo pagaré en garantía de una deuda que tenía el señor Pérez Román con dicho letrado.[1] De esa manera obtuvo interés en un negocio jurídico en el que él intervino como notario.

---

[1] En su informe, el Procurador General señala que de los documentos que constan en el expediente no pudo determinar la fecha exacta en que se negoció el pagaré.

Al no poder cobrar el dinero adeudado y surgir desavenencias entre los miembros de la Junta de Directores de la corporación Metro Specialty Services, Inc., en la que tanto el licenciado Vélez Lugo como el señor Pérez Román eran miembros, el abogado querellado interpuso una demanda contra el señor Pérez Román, su esposa y la sociedad legal de gananciales y presentó como evidencia de la deuda a su favor el pagaré juramentado por él. En este pleito se estaba dilucidando una controversia relacionada a un documento juramentado por dicho abogado como notario y se requería el pago de las prestaciones prometidas en el mismo. Es importante subrayar que en dicho pleito existía la controversia sobre cómo el abogado obtuvo el pagaré y la firma de uno de los otorgantes. Posteriormente, al fallecer su abogado en el pleito civil, el licenciado Vélez Lugo se representó por derecho propio desde el 15 de junio de 2000 hasta que terminó el pleito mediante transacción el 13 de agosto de 2003. Entre los acuerdos figuraba la devolución por parte del licenciado Vélez Lugo de la Escritura Número 27 de 1998 sobre hipoteca y el correspondiente pagaré en garantía de hipoteca al señor Pérez Román y a su esposa.

El 3 de junio de 1999, luego de ser emplazado y mientras iniciaba el pleito de injunction y cobro de dinero en el caso Nelson Vélez Lugo y otros v. Metro Specialties Services, Inc., y otros, Civil Núm. CPE 1999-0091, el señor Pérez Román presentó una queja ante este foro en contra del licenciado Vélez Lugo. En la misma alegó, en síntesis, que su esposa y él habían firmado en fechas separadas el pagaré, que el licenciado Vélez Lugo se apropió ilegalmente del pagaré y que nunca se los entregó. Además, alegó que el

número de licencia de conducir que aparece bajo la firma de su esposa no es el de ella. El 29 de julio de 1999 el abogado contestó la queja negando haberse apropiado ilegalmente del pagaré y señalando que éste le fue entregado en garantía del pago de $90,000.00 que le debía Metro Specialties Services, Inc. Por último, planteó que el número de la licencia que aparece en el pagaré es el que le dio la propia quejosa y que al ésta leerlo no lo impugnó. El 5 de agosto de 1999 la Secretaria del Tribunal Supremo refirió el expediente a la Oficina del Procurador General.

Luego de varios incidentes procesales, mediante resolución emitida el 30 de enero de 2004, ordenamos al Procurador General a continuar con la investigación y someter su informe. Así lo hizo el 9 de diciembre de 2004 y concluyó que la conducta del licenciado Vélez Lugo constituye una posible violación a la Regla 5 del Reglamento Notarial y al Canon 38 del Código de Ética Profesional. El informe aclara que el Procurador General no pudo comunicarse con el quejoso, lo que le impidió constatar su alegación de que el licenciado Vélez Lugo juramentó el pagaré sin que el otorgante lo hubiera firmado en su presencia.

El 7 de febrero de 2005 el licenciado Vélez Lugo presentó réplica al informe del Procurador General. En ésta aclara que cuando otorgó el pagaré ni él ni el quejoso "tenían idea de que posteriormente iba a servir de colateral" para la deuda que el quejoso alegadamente contrajo con él. También alega que al juramentar el pagaré observó todos los requisitos legales pertinentes. Además, aduce que el abogado que lo representaba en el pleito contra el señor Pérez Román falleció y que sus gestiones para

sustituirlo fueron infructuosas, por lo cual decidió continuar en el pleito por derecho propio.


II.


La Regla 5 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R. 5, dispone como sigue:

> La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.
>
> El Notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado ante él.
>
> El Notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de Notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo.
>
> Las normas recogidas en los dos párrafos precedentes aplicarán al Notario personalmente y no a aquellos Notarios y abogados que sean o hayan sido sus socios o compañeros de oficina. No obstante, los socios o compañeros de oficina del Notario autorizante no podrán representar a una parte otorgante en un documento público autorizado por éste, cuando en un litigio se impugne la validez de cualquiera de los acuerdos que surgen del documento o se alegue que se omitieron acuerdos relativos al asunto objeto del mismo, o cuando por alguna otra razón se cuestione la actuación del Notario autorizante.
>
> No obstante, podrá actuar el abogado como Notario en toda acción ex parte, de jurisdicción voluntaria, y en los recursos gubernativos a menos que su actuación esté expresamente prohibida por ley o doctrina jurisprudencial. **También, podrá actuar el Notario como abogado en un mismo asunto cuando el Notario antes de un litigio sólo haya dado fe de la autenticidad de firmas y en el litigio no estén en controversia las firmas ni el documento donde aparezcan tales firmas sea el objeto principal de la reclamación.**

> Queda siempre al sano juicio del Notario y sus socios o compañeros de oficina, dentro de su responsabilidad profesional, decidir cuándo deben abstenerse de actuar aun en casos en que su actuación estuviere permitida, pero que por sus particulares circunstancias en la dimensión ética podrían generar un potencial de conflicto o la apariencia de conducta impropia. (Énfasis nuestro).

Al interpretar la Regla 5 del Reglamento Notarial antes citada, hemos sostenido consistentemente que es impropio que un abogado combine funciones de notario y de abogado en un mismo asunto. In re Chiques Velásquez, res. el 25 de febrero de 2004, 161 DPR ___ (2004), 2004 TSPR 28; In re Héctor Cordero, res. el 5 de septiembre de 2002, 157 DPR ___ (2002), 2002 TSPR 124.

Por otra parte, hemos reiterado en numerosas ocasiones que en el ejercicio de la profesión los abogados tienen la obligación ética de evitar, tanto en la realidad como en la apariencia, la impresión de conducta conflictiva e incorrecta. In re Pizarro Santiago, 117 DPR 197 (1986). Así surge de la primera oración del Canon 38 de Ética Profesional, 4 LPRA Ap. IX C. 38, según la cual "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia." Es importante recalcar, en este sentido, que los Cánones de Ética establecen unas pautas **mínimas** de conducta que deben guiar a los abogados en el ejercicio de su profesión. In re Ortiz Brunet, res. el 22 de noviembre de 2000, ___ DPR ____ (2000), 2000 TSPR 182; In re Filaldi Guzmán, 144 DPR 710 (1988).

El licenciado Vélez Lugo actuó como abogado en un litigio que involucraba una escritura pública –hipoteca– que

fue otorgada ante él y respecto a la cual dio fe en su capacidad como notario. Además, se cuestionaba otro documento –un pagaré– que fue juramentado ante él, también en su capacidad como notario. Precisamente, una de las controversias principales del litigio giraba en torno a la validez de dicho pagaré. Su proceder generó un conflicto potencial y a todas luces, tiene la apariencia de conducta impropia. Por todo lo anterior, lo censuramos enérgicamente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelson Vélez Lugo

AB-1999-62    Conducta
              Profesional


SENTENCIA


San Juan, Puerto Rico, a 11 de mayo de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se censura enérgicamente al licenciado Vélez Lugo.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.


Aida Ileana Oquendo Graulau
Secretaria General