*In re* VÍCTOR MANUEL RODRÍGUEZ BÁEZ.

*Número:* 7527                    *Resuelto:* 31 de enero de 1992

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías*, en informe; *Víctor M. Rodríguez Báez, pro se.*

PER CURIAM: Ejercemos nuevamente nuestra jurisdicción disciplinaria después de varios informes sometidos a nuestra consideración por el Director de la Oficina del Inspector de Notarías, Lic. Govén D. Martínez Surís. Otra vez suspendemos a un abogado por su incumplimiento craso con las órdenes emitidas por este Tribunal. Veamos el trámite que genera esta suspensión.

## I

En febrero de 1991 se presentó en la Oficina de Inspección de Notarías la Sra. Olga I. Ríos Vázquez con copia de la Escritura Núm. 18 BIS de Compraventa que aparecía autorizada por el Lic. Víctor Manuel Rodríguez Báez. Comparecían como parte vendedora el Sr. Phil Leclerc Wood y la Sra. Catherine Leclerc Curran, y como parte compradora el Sr. Vincent Smith Mikolaizyk. Alegó la señora Ríos Vázquez que, no empece al hecho de que ella estaba legalmente casada con el señor Smith Mikolaizyk al momento del otorgamiento, en dicha escritura el señor compareció como persona soltera. La señora Ríos Vázquez suministró copia del instrumento.

Una investigación realizada por la Oficina del Director de Inspección de Notarías reveló que la escritura no había sido informada por el notario en el índice correspondiente a 1988. La escritura correspondiente al número que llevaba la de autos no era de compraventa. Ante esta situación, se le cursó una carta al notario solicitándole una explicación de la razón por la cual la escritura no aparecía en su índice notarial y que informara si el original se encontraba en el Protocolo de ese año.

En vista de que el notario no contestó esta comunicación, se le impartieron instrucciones al Inspector de Protocolos, Lic. José L. Matías, para que examinara toda la obra notarial del licenciado Rodríguez Báez que estuviera pendiente de inspección y que determinara si la Escritura de Compraventa Núm. 18 BIS estaba encuadernada en su

Protocolo. En esta investigación sólo apareció la Escritura Núm. 18 sobre Cancelación de Hipoteca en Garantía de Pagaré.

Después de la inspección, el notario contestó la misiva enviada por el licenciado Martínez Surís e informó que "por error m[í]o yo le asigné el n[ú]mero 18 a dos escrituras" y que "[e]l original de dicha escritura no se encuentra encuadernad[o] en mi protocolo de 1988". Carta de 15 de abril de 1991. Contestó, además, que en una etapa posterior enviaría el informe estadístico anual, "ya que creo que en mi mudanza de oficina dicha forma se extravi[ó]". Íd.

Ante la profusión de deficiencias notariales(¹) halladas por el inspector en su examen, el 29 de abril de 1991 se le cursó una comunicación al notario, incluyéndole copia del informe del Inspector de Protocolos y dándole una oportunidad para que lo contestara y subsanara los errores encontrados. Como él no contestó esta comunicación, el asunto fue remitido a este Tribunal.

En vista de la seriedad de las deficiencias señaladas y el incumplimiento del notario con los requerimientos del Director de la Oficina de Inspección de Notarías, el 7 de junio de 1991 ordenamos "la incautación inmediata de los protocolos del Licenciado Rodríguez Báez" y le concedimos un término de cinco (5) días para que nos mostrara causa por la cual no debía ser suspendido "provisionalmente con efecto inmediato" del ejercicio de la notaría. Resolución de 7 de junio de 1991, pág. 2. También ordenamos que en un período de treinta (30) días corrigiera todas las deficiencias señaladas en el Informe del Director de la Oficina de Inspección de Notarías. La resolución fue notificada personal-

---

(¹) El Inspector de Protocolos halló, entre otras cosas, que todos los Protocolos desde el 1987 estaban sin encuadernar, que faltaban más de quinientos (500) dólares en sellos a cancelarse en su registro de declaraciones de autenticidad, que había infinidad de poderes sin inscribirse, que le faltaba el sello y la rúbrica a un gran número de escrituras, que varias escrituras estaban perdidas, que había notas de saca sin firmar, que había varias escrituras sin firma de los comparecientes y que faltaban varios cientos de dólares en sellos de rentas internas e impuesto notarial.

mente el 12 de junio de 1991 y su obra notarial fue incautada.

Posteriormente, el abogado compareció y alegó que había corregido sustancialmente las deficiencias señaladas. Sin embargo, al constatar esta información con la Oficina de Inspección de Notarías, su director nos informó que el abogado no había terminado de corregir los defectos y que, además, el inspector no había encontrado documento alguno que indicara que las Escrituras de Protocolización de Poder, autorizadas durante 1987, 1988, 1989 y 1990 fueran inscritas en el Registro de Poderes.

En vista de la información expuesta por el Director de la Oficina de Inspección de Notarías y considerando el incumplimiento craso del notario con las resoluciones del Tribunal, procedimos inmediatamente a suspenderlo provisionalmente del ejercicio de la notaría y le concedimos un término adicional de treinta (30) días para corregir los defectos y para mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía.

Mediante Moción presentada el 15 de octubre de 1991, el notario en cuestión nos solicitó nuevamente una prórroga para subsanar los defectos en sus Protocolos. Adujo que por haberse mudado a Estados Unidos se le hacía difícil cumplir con lo ordenado dentro del plazo concedido, tomando en consideración "los problemas relacionados con tal[es] mudanzas como la localizaci[ó]n de archivos, escrituras, etc.". Moción solicitando prórroga de 15 de octubre de 1991, pág. 2.

Posteriormente, el Director de la Oficina de Inspección de Notarías compareció ante nos e informó que prevalecía la misma situación de inactividad que había notificado previamente. No obstante ello, y para darle una última oportunidad al licenciado Rodríguez Báez, el 1ro de noviembre le concedimos un término adicional de cuarenta y cinco (45) días para que cumpliera con nuestra Resolución de 13 de septiembre del 1991. Conforme a su patrón de conducta de desidia e incumplimiento, el abogado de autos

no ha hecho gestión alguna encaminada a corregir las deficiencias encontradas ni a contestar nuestras resoluciones.

## II

■ Recientemente, en *In re Cruz Ramos*, 127 D.P.R. 1005 (1991), nos expresamos sobre la función del notariado. Allí, al suspender por un (1) año a un notario que fue negligente en rendir sus índices notariales, dijimos:

> El notario puertorriqueño es un profesional del Derecho que ejerce a su vez una función pública. En el ejercicio de su responsabilidad profesional, el notario disfruta de plena autonomía e independencia. Sin embargo, el ejercicio de este puntilloso ministerio trasciende la esfera privada y en el crisol de la práctica se impregna de carácter público. *In re Cruz Ramos*, supra, pág. 1007.

■ Precisamente, por el carácter público de su función, los notarios tienen que ser sumamente cautelosos en el ejercicio de su práctica, teniendo en todo momento presente las consecuencias nefastas que sobre los negocios jurídicos podría tener su negligencia.

■ El abogado Víctor Manuel Rodríguez Báez ha demostrado una incapacidad patente para el ejercicio del notariado. Así lo ha demostrado su falta de diligencia y su desinterés en subsanar los serios defectos identificados en su Protocolo. Esta conducta está claramente reñida y es incompatible con el ejercicio de este ministerio. "Los notarios están obligados a cumplir estrictamente con lo dispuesto en la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2001 *et seq.*, en los cánones del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y en el contrato entre las partes. La inobservancia de tal obligación los expone a la acción disciplinaria correspondiente. *In re Raya*, 117 D.P.R. 797, 804 (1986); *In re Cruz Tollinche*, 114 D.P.R. 205 (1983); *In re*

Rodríguez Mena, supra." *In re Bringas Rechani*, 128 D.P.R. 132, 134 (1991).

También ha demostrado un patrón de conducta ética caracterizado por un incumplimiento continuo con las órdenes de este Tribunal. La naturaleza de la función de abogado exige una estricta observancia de las resoluciones de este Tribunal, en especial en la jurisdicción disciplinaria. *In re Pagán Ayala*, 115 D.P.R. 814 (1984); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991).

En estas circunstancias y por las razones expuestas, *procede la separación provisional inmediata del Lic. Víctor Manuel Rodríguez Báez del ejercicio de la profesión de la abogacía hasta tanto corrija las deficiencias encontradas en su obra notarial y acredite su disposición a cumplir estrictamente con las resoluciones de este Tribunal y las normas que rigen nuestra profesión.*

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López no intervinieron.