

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br><br>Daniel Muñoz Fernós | 2012 TSPR 48<br><br>184 DPR ____ |

Número del Caso: CP-2010-1

Fecha: 23 de febrero de 2012

Abogados del Querellado:

        Lcda. Ivette Aponte Nogueras
        Lcdo. José Pérez Rodríguez, Hijo

Oficina del Procurador General:

        Lcda. Zaira Z. Girón Anadón
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

        Lcda. Yazmet Y. Ramírez Díaz
        Procuradora General Auxiliar

Materia: Conducta Profesional- La suspensión de la Notaría será efectiva una vez advenga final y firme la Sentencia, conforme la Regla 45 del Reglamento del Tribunal Supremo sobre Reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Daniel Muñoz Fernós

CP-2010-001


PER CURIAM

En San Juan, Puerto Rico, a 23 de febrero de 2012.

Los notarios están obligados a respetar la letra de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 L.P.R.A. sec. 2001 y ss. Ignorar sus preceptos, conlleva violaciones legales y éticas que acarrean consecuencias, no sólo en el ejercicio de la profesión, sino para los clientes que acudieron a ellos en busca de una solución.

I

Al Lcdo. Daniel Muñoz Fernós se le admitió al ejercicio de la abogacía el 3 de marzo de 1989, y al de la notaría el 19 de marzo de 1993.

En el 2006 la Sra. Gloria Roche Negrón, la quejosa, contrató los servicios del licenciado Muñoz Fernós para que realizara un expediente de dominio sobre una propiedad que informó haber recibido en herencia. Pagó $3,100 por ese servicio, que el abogado no prestó. En su lugar, el licenciado Muñoz Fernós confeccionó un contrato de compraventa de esa propiedad en un documento privado.

La quejosa alega que fue el licenciado quien recomendó la compraventa, en vez de completar el expediente de dominio, para "no hacer mucho papeleo". Sin embargo, en su comparecencia, el licenciado Muñoz Fernós negó esa imputación. El letrado alega que fue la señora Roche Negrón quien, luego de contratarlo para hacer el expediente de dominio, le informó que tenía un comprador y que prefería realizar una compraventa pues el comprador, el Sr. César Sánchez Rosa, se encargaría de la inscripción de la propiedad.

En el contrato de compraventa, fechado el 15 de mayo de 2006, el comprador se comprometió a pagar $20,000 en cuatro plazos de $5,000 cada uno. Con ese propósito, otorgó un pagaré que también autenticó el licenciado Muñoz Fernós. En el contrato de compraventa se expresó en el párrafo Primero que la señora Roche Negrón era "dueña en pleno dominio" del inmueble y en el párrafo Segundo, que lo adquirió "en su totalidad por herencia de sus padres".

Sin embargo, la señora Roche Negrón no presentó, ni surge del expediente, que el abogado haya solicitado una

declaratoria de herederos o alguna otra evidencia que la acreditara como la única heredera con derecho propietario sobre el inmueble. A pesar de ello, el licenciado Muñoz Fernós otorgó el contrato de compraventa en documento privado, con número de afidávit 1288.

El comprador incumplió con el último pago de $5,000, que venció el 15 de enero de 2007. Exigió que se inscribiera el inmueble en el Registro de la Propiedad.

Cuando se comenzaron las gestiones para hacer el expediente de dominio, salió a relucir que, contrario a lo que la señora Roche Negrón había informado al abogado, esta no era la única heredera interesada en el inmueble. El licenciado Muñoz Fernós alega que, aunque la quejosa le indicó tener unos hermanos, estos no se oponían a que se inscribiera el terreno a su nombre. Informó de una hermana que aceptaba donarle su parte y un hermano fallecido. Sin embargo, asegura que la señora Roche Negrón ocultó la existencia de varios sobrinos por parte del hermano premuerto y de otro hermano que reclamaba participación en el inmueble. Del expediente tampoco surge que el licenciado Muñoz Fernós indagara al respecto.

Trabada así la controversia, la señora Roche Negrón presentó una queja el 13 de abril de 2007. Alegó que sus intentos por comunicarse con el licenciado Muñoz Fernós para resolver el problema resultaron infructuosos porque no respondía sus llamadas. El 17 de octubre de 2007 referimos

la queja a la Oficina de Inspección de Notarías (ODIN), que rindió un informe el 7 de octubre de 2008.

El informe de ODIN concluyó que el licenciado Muñoz Fernós violó los Arts. 2 y 56 de la Ley Notarial, supra, 4 L.P.R.A. secs. 2002 y 2091, la Regla 68 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, el Art. 1232 del Código Civil, 31 L.P.R.A. sec. 3453, y lo que dispusimos en In re Molina Fragosa, 166 D.P.R. 567 (2005). Luego de la respuesta del licenciado Muñoz Fernós, el 7 de julio de 2009 referimos la queja ante la Oficina del Procurador General para que presentara la querella correspondiente.

En la querella que se presentó el 5 de abril del 2010, el Procurador General concurrió con los señalamientos de ODIN. Además, señaló una violación a los Cánones 18, 24 y 38 del Código de Ética Profesional. 4 L.P.R.A. Ap. IX. El querellado respondió que había hecho gestiones para completar el expediente de dominio cuando la señora Roque Negrón pidió que se hiciera un contrato de compraventa. También alega que advirtió a las partes de las implicaciones del negocio jurídico que realizaban y las consecuencias de que el inmueble no estuviera inscrito en el Registro. El letrado señaló que la señora Roque Negrón omitió la existencia de un hermano y los sobrinos, quienes se oponían a donarle su derecho propietario sobre el inmueble.

Designamos a la licenciada Jeannette Ramos Buonomo como comisionada especial para este caso. Luego de celebrar una vista, la comisionada especial rindió su informe el 21 de

septiembre de 2011. Concluyó que el licenciado Muñoz Fernós violó los Cánones 18, 19 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Además, señaló que faltó al Art. 56 de la Ley Notarial, supra, y el Art. 1232 del Código Civil, supra.

La Comisionada Especial recomendó una suspensión del ejercicio de la notaría por un término no menor de 90 días. Por las razones que exponemos a continuación, acogemos la recomendación de la Comisionada Especial designada.

II

El notario está autorizado a dar fe y autenticar actos y los hechos extrajudiciales que frente a él se realicen, conforme a las leyes correspondientes, sin perjuicio de otras leyes especiales. Art. 2 de la Ley Notarial, supra.

El Art. 56 de la Ley Notarial, supra, especifica que un notario puede dar fe de un testimonio o una declaración de autenticidad de un documento no matriz, de su fecha y la legitimación de sus firmas, siempre que no se trate de uno de los documentos enumerados en el Art. 1232 del Código Civil, supra. Igual prohibición consta en la Regla 68 del Reglamento Notarial, supra.

En lo pertinente, el Art. 1232 del Código Civil, supra, enumera los contratos que deben figurar por escrito en documentos públicos. Entre estos se incluyen "los actos y contratos que tengan por objeto la creación, transmisión, modificación o extinción de derechos reales sobre bienes inmuebles". Íd. Por lo tanto, el notario público sólo puede

dar fe de la compraventa de un bien inmueble en un documento público, no en un documento privado.

En el caso ante nuestra consideración, el licenciado Muñoz Fernós dio fe de la compraventa de un bien inmueble mediante un documento privado. Su actuación contravino la letra del Art. 1232 del Código Civil y del Art. 56 de la Ley Notarial. Al violar estas leyes, contravino el Art. 2 de la Ley Notarial, que le exige a los notarios obedecer sus preceptos.

### III

El Canon 18 del Código de Ética Profesional, supra, señala que está entre los deberes del abogado "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".

En In re Rodríguez Báez, 129 D.P.R. 819 (1992), señalamos que

> por el carácter público de su función, los notarios tienen que ser sumamente cautelosos en el ejercicio de su práctica, teniendo en todo momento presente las consecuencias nefastas que sobre los negocios jurídicos podría tener su negligencia.

Íd., pág. 823.

Cuando un notario contraviene una ley, como la Ley Notarial de Puerto Rico, supra, incurre en una práctica que, al mismo tiempo, constituye una violación del Canon 18 del Código de Ética Profesional. In re Aponte Berdecía, 161 D.P.R. 94, 106 (2004).

Como vimos, el licenciado Muñoz Fernós incumplió con lo que establece la Ley Notarial de Puerto Rico en sus Arts. 2 y 56, y además, con lo dispuesto en Regla 68 del Reglamento Notarial. Al contravenir la letra de estas disposiciones legales, violó el Canon 18 del Código de Ética Profesional. Incumplió con su deber de desplegar adecuadamente su conocimiento legal y, por el contrario, su actuación menospreció las consecuencias nefastas que su actuación pudo tener sobre los demás herederos con interés propietario sobre el inmueble en controversia.

Por otro lado, el Canon 19, supra, exige a los abogados "mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". En In re Cardona Vázquez, 108 D.P.R. 6, 9 (1978), señalamos que un abogado faltó a sus deberes éticos cuando no contestó las comunicaciones de su cliente, quien inquiría sobre las gestiones inconclusas por inscribir unas propiedades en el Registro de la Propiedad. Véanse, además, In re González, 181 D.P.R. 874 (2011); In re Ortiz, 176 D.P.R. 123 (2009).

La señora Roche Negrón alegó en su querella que el licenciado Muñoz Fernós no contestó las llamadas que hizo para inquirir sobre la gestión inconclusa de inscribir el terreno objeto de la controversia en el Registro de la Propiedad. La Comisionada Especial señaló que durante la vista, el licenciado Muñoz Fernós admitió que no tuvo una

comunicación efectiva con su clienta. Esa conducta es constitutiva de una violación al Canon 19, supra.

El Canon 24, supra, trata sobre la fijación de honorarios. Especifica que entre los elementos que deben considerarse para fijar el valor de los honorarios se incluyen el tiempo y trabajo requeridos, la dificultad de las cuestiones involucradas y la habilidad requerida para llevar el caso. El licenciado Muñoz Fernós cobró $3,100 para hacer un expediente de dominio que permitiera la inscripción del inmueble en el Registro de la Propiedad. Sin embargo, el trabajo realizado consistió en redactar un contrato de compraventa en un documento privado. Evidentemente, lo que se cobró a la señora Roche Negrón no se facturó en consideración al trabajo que finalmente se realizó. Su conducta constituyó una violación del Canon 24, supra.

Los abogados también están atados a un deber de sinceridad y honradez, que se recoge en el Canon 35. Ese deber le exige ajustarse a la sinceridad de los hechos, al examinar los testigos y al redactar un afidávit u otros documentos.

Al discutir el Canon 35 en In re Montañez Miranda, 157 D.P.R. 275 (2002), señalamos que "no es necesario que el notario haya faltado a la verdad intencionalmente para faltar a la fe pública y a los cánones del Código de Ética Profesional". Íd, pág. 282. "Es inmaterial si se obró de mala fe, deliberadamente o con la intención de engañar". In re Nieves Nieves, 181 D.P.R. 25, 43 (2011).

Aunque la Ley Notarial, supra, dispone que los notarios no asumen responsabilidad por el contenido de los documentos privados cuyas firmas legitima, esa disposición no puede servir de sombrilla ante la negligencia o dejadez del notario en su desempeño profesional. Íd., págs. 282-283. Un notario no puede prestarse para legitimar un documento con el "serio manto de la fe notarial" si conoce de la falsedad de una de las expresiones en él contenidas o cuando tiene serias dudas sobre ellas. Íd., pág. 283.

El licenciado Muñoz Fernós legitimó un afidávit de compraventa de un bien inmueble en el que dio fe de que la señora Roche Negrón era "dueña en pleno dominio" de la propiedad objeto de la compraventa, que adquirió "en su totalidad por herencia de sus padres", a pesar de que sabía de la existencia de otros hermanos que aún no habían cedido su interés hereditario. No surge que haya solicitado una declaratoria de herederos para percatarse de la veracidad de la información que proveyó la ahora quejosa. Así, habría advenido en conocimiento de las dificultades para la inscripción en el Registro. Su omisión en solicitar una declaratoria de herederos, o en realizar alguna otra gestión que confirmara la información provista, es constitutiva de una negligencia que vulnera la letra del Canon 35.

IV

En resumen, la conducta del licenciado Muñoz Fernós violó los Arts. 2 y 56 de la Ley Notarial de Puerto Rico, supra; la Regla 68 del Reglamento Notarial, supra; y el Art.

1232 del Código Civil, supra. En cuanto a los Cánones de Ética de la Profesión, incumplió con los Cánones 18, 19, 24 y 35.

Somos conscientes de que la querella que presentó la Procuradora General no incluyó un señalamiento específico de violaciones de los Cánones 19 y 35 de Ética Profesional. Sí figuraron entre las conclusiones y recomendaciones de la Comisionada Especial designada.

Conforme In re Pérez Riveiro, 180 D.P.R. 179 (2010), la práctica de añadir cargos que no se incluyeron en la querella original a base de la prueba que se presenta durante el procedimiento viola el debido proceso de ley del abogado querellado. Sin embargo, también hemos señalado que, cuando una conducta adicional surge durante el proceso, y se le ha salvaguardado al querellado el debido proceso de ley, podrá atenderse en el mismo procedimiento. In re Martínez Almodóvar, 180 D.P.R. 805, 825-826 (2011).

En el presente caso, durante el procedimiento no se le imputó una conducta adicional. Se trata de los mismos hechos, la misma conducta que se le imputó desde el principio en la queja que presentó la señora Roche Negrón. Lo que cambió durante el proceso fueron los cánones bajo los que se censura esa conducta. El licenciado Muñoz Fernós tuvo oportunidad durante el proceso para defenderse de las actuaciones que se le imputaban y la aprovechó cabalmente. Procede entonces que adoptemos las violaciones de los

Cánones 19 y 35, aunque no se hayan enumerado específicamente en la querella.

Por otro lado, al tomar una sanción disciplinaria, consideramos ciertos elementos que pudieran servir como atenuantes o agravantes. Por ejemplo, la reputación del abogado, su historial profesional previo, si se trata de su primer procedimiento disciplinario, si ha aceptado los cargos imputados, su arrepentimiento, si es una conducta aislada, si actuó con ánimo de lucro y cualquier otra consideración. (Citas omitidas). In re Martínez Almodóvar, 180 D.P.R. 801 (2011).

El licenciado Muñoz Fernós reconoce su falta, y pidió disculpas por su actuación negligente. Además, para enmendar su error, se comprometió a pagar al licenciado José Guillermo González Hernández, para que resolviera la situación a satisfacción de la quejosa. Ese gesto tiene mucho peso en la sanción que hoy adoptamos. Sin embargo, también lo tiene el hecho de que ya habíamos amonestado al licenciado Muñoz Fernos en otra ocasión. Véase In Re Muñoz Fernós y Morell Chardón, Op. de 6 de septiembre de 2011, 2011 T.S.P.R. 129, 182 D.P.R. ___ (2011).

Esto nos lleva a acoger la recomendación de la Comisionada Especial e imponer al licenciado Muñoz Fernós una suspensión de 90 días de la práctica de la notaría.

V

Por las razones antes expuestas, se suspende al Lcdo. Daniel Muñoz Fernós del ejercicio de la notaría por un

término de 90 días. El Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Daniel Muñoz Fernós y entregarlos a la Directora de la Oficina de Inspección de Notarías. Además, ordenamos a ODIN dar seguimiento a los servicios que preste el Lcdo. José Guillermo González Hernández dirigidos a resolver la controversia sobre el inmueble y nos informe si no hay progreso en un tiempo razonable.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Daniel Muñoz Fernós                CP-2010-001

SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende al Lcdo. Daniel Muñoz Fernós del ejercicio de la notaría por un término de 90 días. El Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Daniel Muñoz Fernós y entregarlos a la Directora de la Oficina de Inspección de Notarías. Además, ordenamos a ODIN dar seguimiento a los servicios que preste el Lcdo. José Guillermo González Hernández dirigidos a resolver la controversia sobre el inmueble y nos informe si no hay progreso en un tiempo razonable.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo